

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CMM
F. #2015R01489

*610 Federal Plaza*
*Central Islip, New York 11722*

November 16, 2016

<u>By FedEx and ECF</u>

Kevin James Keating, Esq.
Law Office of Kevin J. Keating
666 Old Country Road
Garden City, NY 11530

      Re:    United States v. Edward Mangano
                <u>Criminal Docket No. 16-540 (SJF)</u>

Dear Mr. Keating:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. Enclosed herein are two CDs containing documents Bates stamped EM 1 – EM 70, BR 1 – BR 1137, CHCC 1 – CHCC 92, CL 1 – CL 316, HB 1 – HB 375, NCRC 1 – NCRC 1244, NDH 1 – NDH 525, RR_TOB 1 – RR_TOB 125, and USA 1 – USA 214. Also enclosed is an Index of the discovery. The Index is not being filed electronically. These discs have been encrypted and password protected. The password has been provided to counsel by email. The government also requests reciprocal discovery from the defendant.

I.    <u>The Government's Discovery</u>

    A.    <u>Statements of the Defendant</u>

      Enclosed with this letter is a CD containing documents Bates stamped EM 1 – EM 70, that contain statements made by or reflecting information provided by the defendant with respect to the above-referenced matter.

    B.    <u>The Defendant's Criminal History</u>

      The government is not aware that the defendant has a criminal history.

    C.    <u>Documents and Tangible Objects</u>

Enclosed with this letter are two CDs containing documents Bates stamped EM 1 – EM 70, BR 1 – BR 1137, CHCC 1 – CHCC 92, CL 1 – CL 316, HB 1 – HB 375, NDH 1 – NDH 525, NCRC 1 – NCRC 1244, RR_TOB 1 – RR_TOB 125, and USA 1 – USA 214.  In addition, the government has in its possession the following items: (1) a Panerai Luminor watch; (2) a massage chair from Brookstone; and (3) an ergonomic office chair.  You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.  The government will continue to provide any additional documents and objects within the scope of Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure as they become available.

    D.    <u>Reports of Examinations and Tests</u>

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

    E.    <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.  The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

    F.    <u>Brady Material</u>

The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials.  See <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

    G.    <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.     The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

                                              Very truly yours,

                                              ROBERT L. CAPERS
                                              United States Attorney

                            By:     /s/ Catherine M. Mirabile
                                 Catherine M. Mirabile
                                 Lara Treinis Gatz
                                 Raymond A. Tierney
                                 Assistant U.S. Attorneys

Enclosures

cc:     Clerk of the Court (SJF) (by ECF) (without enclosures)