<table>
<tr><td>KEVIN J. KEATING<br><br>Of Counsel<br>Stefani Goldin, Esq.<br><br>Paralegal<br>Laura O'Neil</td><td style="text-align:center">**KEVIN J. KEATING**<br>ATTORNEY AT LAW<br>666 OLD COUNTRY ROAD<br>SUITE 501<br>GARDEN CITY, NEW YORK 11530-2004<br>(516) 222-1099<br>Fax: (516) 683-8410<br><br>www.kevinkeatinglaw.com</td><td>MANHATTAN OFFICE:<br>1140 AVENUE OF THE AMERICAS<br>9TH FLOOR<br>NEW YORK, N.Y. 10036<br>(BY APPT. ONLY)</td></tr>
</table>

January 25, 2018

**Via ECF**

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re: *United States v. Mangano, et al.*
         Docket No. 16-CR-540

Dear Judge Azrack,

  This office represents the Defendant Edward Mangano with respect to the above-captioned matter. As the Court is aware, we previously filed a motion setting forth evidence of selective prosecution in this matter which remains pending. We are writing to the Court in order to briefly supplement the Defendant's selective prosecution point, in light of recently disclosed information concerning the case against Harendra Singh.

  At the Court will recall, we previously cited to evidence – in the form of a detailed *New York Times* article – that Harendra Singh had engaged in a *quid pro quo* bribery arrangement with Bill de Blasio, the Democratic Mayor of New York City. We argued that the Government's failure to pursue criminal charges against the Democratic Mayor was evidence that other, similarly situated persons were not prosecuted by the Government, which is one of the elements of a selective prosecution claim.

  In the Government's response, prosecutors generally belittled the notion that a news article (detailed though it was) constituted evidence sufficient to warrant discovery into the selective prosecution claim. *See* Govt. Brief at p. 74 ("the defense has offered no real proof of this allegation . . .").

Furthermore, prosecutors suggested to this Court that Mr. de Blasio could not have been successfully prosecuted, because his case involved campaign contributions. As the Government told the Court: "the law as it relates to a quid pro quo involving political contributions is different and much more stringent than when the quid pro quo involves bribes that personally benefit the public official. In fact, in the context of campaign or similar political contributions, the quid pro must be express as opposed to implied." *See* Govt. Brief at p. 73.

It has now come to light that at the moment prosecutors were making these arguments to the Court, they *knew* that the *New York Times* article was accurate, and that Mr. Singh had already pled guilty to *precisely* such an express agreement. In particular, Mr. Singh's docket was unsealed yesterday, revealing that on October 17, 2016 he pled guilty to a Superseding Information which included three counts relating to the campaign contributions which he made to Mayor de Blasio. During his plea allocution, Mr. Singh admitted that these payments were made to Mayor de Blasio "in exchange for efforts by that official and other City officials to obtain a lease renewal from the City agency for my restaurant [Water's Edge] on terms that were favorable to me." Based upon this *quid pro quo* arrangement with the Mayor, Singh pled guilty to substantive counts of Federal Program Bribery and Honest Services Fraud, as well as Conspiracy to commit such offenses.

These new revelations are particularly significant in light of the law surrounding campaign contributions. As the Government itself noted, a person does not violate federal bribery statutes by making a campaign contribution unless there is an *explicit*, corrupt agreement between the donor and the political recipient. *See McCormick v. United States*, 500 U.S. 257, 273 (1991); *United States v. Menendez*, 132 F.Supp.3d 635, 642 (D.N.J. 2015). This means that Mr. Singh could not be guilty of the charged offenses based upon his unilateral intent to influence the de Blasio administration. Rather, the payments must have been made in the context of an *explicit* quid pro quo arrangement between Singh and the Mayor. In other words, the Government could not have accepted Mr. Singh's guilty plea on these counts unless it believed – as Singh himself told the Court under oath – that there was a corrupt agreement between himself and the Mayor.

In light of all this, it is *necessarily the case* that prosecutors had sufficient evidence to charge Mayor de Blasio. Nor is it any answer to suggest – as the Government has here – that the charging decision with respect to the Mayor was within the jurisdiction of a different U.S. Attorney's Office. Contrary to the Government's suggestion, Mr. de Blasio is not the mayor of Manhattan – rather, his political control extends over Richmond, Brooklyn and Queens – all of which are within the Eastern District of New York. Indeed, in this case, the crux of the bribery conduct centers around the Water's Edge restaurant, located in Queens, New York. Given this reality, it is *patently* insufficient for prosecutors in this case to merely shrug their shoulders and tell this Court that they "[do] not know why de Blasio was not charged." Govt. Brief at p. 74.

The new revelations in this case demonstrate: (1) that prosecutors in the Eastern District of New York had both ample evidence and authority to charge Mayor de Blasio; and (2) that they nevertheless made *a choice* not to pursue such charges. To date, no explanation has been forthcoming as to why this decision was made.

Accordingly, we would respectfully ask the Court to take all of this new information into account when rendering its decision on the Defendant's selective prosecution point.

Respectfully submitted,

Kevin J. Keating

cc: AUSA Lara Gatz
AUSA Catherine Mirabile
AUSA Raymond Tierney
Marc Agnifilo, Esq.
John Carman, Esq.