

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

LTG

*610 Federal Plaza*
*Central Islip, New York 11722*

January 30, 2018

**VIA ECF**

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
924 Federal Plaza
Central Islip, New York 11722

      Re: United States v. Edward Mangano, et al.
            Criminal Docket No. 16-540 (S-1)(JMA)

Dear Judge Azrack:

By letter dated January 25, 2018, defendant Edward Mangano supplements his original memorandum in support of his motion for dismissal of the Indictment, (ECF No. 79), on the grounds of selective prosecution, citing the guilty plea of Harendra Singh as further proof of intentional discrimination. As set forth in greater detail below, the defendant's motion should be denied as Singh's guilty plea to unrelated criminal conduct does not constitute proof of intentional discrimination, thus, adds nothing to the original spurious and unsupported allegation that Mangano has been charged for unconstitutional reasons.

LAW

To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least *prima facie*, that (1) he has been singled out for prosecution in contrast to others similarly situated, and (2) the government's discriminatory selection of him was based upon constitutionally impermissible grounds. These two essential elements are often referred to as intentional discrimination (or having a discriminatory effect) and purposeful discrimination (motivated by a discriminatory purpose). United States v. Berrios, 501 F.2d 1207 (2d Cir. 1974). However, "[m]ere conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." Id. at 1211 (internal citations omitted).

In order to even establish entitlement to discovery in connection with a selective prosecution claim, Berrios requires "some evidence tending to show the existence of the essential elements of the defense and that the documents in the government's

possession would indeed be probative of these elements." Id. Specifically, a defendant must produce credible evidence that similarly situated defendants of the same constitutionally protected class could have been prosecuted, but were not. United States v. Armstrong, 517 U.S. 456, 470 (1996).

In United States v. Sanders, 17 F. Supp. 2d 141 (E.D.N.Y. 1998), aff'd, 211 F. 3d 711 (2d Cir. 2000), the district court provided further guidance on applying the test set forth in Berrios, and denied the defendant's request for discovery. The Sanders court noted that the two-pronged test set forth in Berrios was designed to "prevent unwarranted fishing expeditions to obtain documents to which the defense would not normally be entitled." Id. at 145. The court further instructed "mere assertions and generalized proffers of information and belief are insufficient" [to obtain discovery]. Id.

The facts of Armstrong are particularly instructive in this regard. In Armstrong, one of the defendants claimed, in connection with a narcotics conspiracy charge, that he and his co-defendants were selectively prosecuted because of their race. In support of this claim, the defendant submitted an affidavit from his federal public defender wherein the attorney alleged that, "in every one of the twenty-four [narcotics] cases [defended by] his office during 1991, the defendant was black." Armstrong, 517 U.S. at 459. Accompanying the affidavit was a purported "study" listing the names of the twenty-four defendants, their race, whether they were prosecuted for dealing cocaine as well as crack, and the status of each case. Id.

After much back and forth at the district and appellate level, the Supreme Court decided that the "evidence" offered in support of the purported selective prosecution claim was lacking, as it "failed to identify individuals who were not black and could have been prosecuted for the offenses for which the defendants were charged, but were not so prosecuted." Id. at 470.

Moreover, in a footnote to the decision, the Armstrong Court noted that other defendants had introduced this study in support of similar selective prosecution discovery motions in at least two other matters, both of which were denied, and that "one District Judge explained from the bench that, among other things, the twenty-four-person sample before him was 'statistically insignificant.'" Id. at. 459, n.1.

ARGUMENT

As set forth in the government's November 14, 2017 response in opposition to the defendants' initial motion (ECF No. 90), the defendants proffered "evidence" of purposeful discrimination - the "Muscarella Affidavit," (see Keating Aff. at Ex. I), and intentional discrimination, the "New York Times Article," (Id. at Ex. L) - utterly fails to meet the heavy and demanding burden of establishing a *prima facie* case of selective prosecution.

However, in a last-ditch effort to support his baseless claim of selective prosecution, Mangano argues that the guilty plea of Harendra Singh, to unrelated criminal conduct, is further evidence of intentional discrimination. Def. Ltr. at 1. To that end, Mangano alleges that the EDNY "had both ample evidence and authority charge de Blasio" and "nevertheless made a choice not to pursue such charges," thus, this is further evidence of his selective prosecution. Def. Ltr. at 3.

Unfortunately, it appears that Mangano has utterly missed the point. He erroneously premises his entire selective prosecution argument on the theory that, as required to sustain a claim of intentional discrimination, he is similarly situated to de Blasio, but he is not. It bears repeating; Mangano and de Blasio were not and are not similarly situated. It is undisputed that Mangano is charged with accepting bribes in the form of kickbacks and gifts in exchange for official action; while de Blasio was investigated for accepting campaign donations in exchange for official action.

Contrary to Mangano's argument, the government did not challenge the accuracy of the New York Times Article. The thrust of the government's argument was, and continues to be, that Mangano has offered no evidence of intentional or purposeful discrimination, even accepting both the Muscarella Affidavit and the New York Times Article as true.

Further, in connection with Mangano's allegation of intentional discrimination, the government continues to assert that Mangano and de Blasio are not similarly situated because they were investigated for different types of bribery, which have different legal requirements. The government has argued that bribery, in the context of campaign contributions as the *quid,* is legally distinguishable from personal enrichments such as kickbacks and gifts as the *quid*. This argument was intended to both highlight the differences between Mangano and de Blasio and to offer an educated guess as to the reason de Blasio was not charged by the SDNY, not to mislead the Court or hide the Singh plea as suggested by Mangano.[1] Merely because Singh pled guilty to bribing de Blasio using campaign contributions and Mangano using personal enrichments does not make the cases similar either factually or legally.

<u>Armstrong</u> is instructive here. In <u>Armstrong</u>, the defendant claimed that he and his co-defendants were selectively prosecuted for narcotics offenses because of their race

---

[1] In his supplemental motion, Mangano asserts, "prosecutors suggested to this Court that Mr. de Blasio could not have been successfully prosecuted, because his case involved campaign contributions." Def. Ltr. at 2. That is incorrect. What we actually said was that it would be a harder case to make, not that it could not be made. And while Mangano argues that he is entitled to know why certain charging decisions were made, he is in essence asking for discovery using "mere assertions and generalized proffers of information and belief," which do not entitle him to discovery. <u>Sanders</u>, 17 F. Supp. 2d at 145.

and his attorney submitted an affidavit citing that twenty-four other black men in that calendar year were being prosecuted for the same offenses. However, the defendant failed to offer evidence that individuals of other races were <u>not</u> being prosecuted for the same offenses, in other words he did not prove that similarly situated defendants of other races were treated differently.

In the instant matter, Mangano offers absolutely no evidence that a similarly situated person has been treated differently; rather, he compares himself to *one non-similarly situated person* and claims intentional discrimination, a statistically insignificant and factually dissimilar sample of exactly one.

In sum, Mangano and de Blasio are not similarly situated, thus the fact that Singh pled guilty to bribing both of them is of no legal consequence to Mangano's selective prosecution claim.

Thank you for your consideration.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:     /s/
Lara Treinis Gatz
Assistant U.S. Attorney
(631) 715-7913

cc: Kevin Keating, Esq.