KEVIN J. KEATING
ATTORNEY AT LAW
666 OLD COUNTRY ROAD
SUITE 501
GARDEN CITY, NEW YORK 11530-2004
(516) 222-1099
Fax: (516) 683-8410
www.kevinkeatinglaw.com

KEVIN J. KEATING

Of Counsel
Stefani Goldin, Esq.

Paralegal
Laura O'Neil

MANHATTAN OFFICE:
1140 AVENUE OF THE AMERICAS
9TH FLOOR
NEW YORK, N.Y. 10036
(BY APPT. ONLY)

February 12, 2018

**VIA ECF**
Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: United States v. Mangano
Ind: 16-CR-540

Dear Judge Azrack:

As you are aware, I am attorney for Mr. Mangano. As Your Honor recalls, on January 9, 2018, the Court So Ordered a subpoena submitted by my office which directed the production of all records in possession of Paul, Weiss, Rifkind, Wharton & Garrison, LLP, (hereafter, "Paul, Weiss"), reflecting interviews conducted by members of Paul, Weiss, or notes taken during proffer sessions with the United States Attorney's Office, involving Leonard Genova and Frederick Mei. On February 6, 2018, Paul, Weiss declined to produce the records citing attorney client and work product privilege. In doing so, Paul Weiss provided the enclosed Privilege Log.

Initially, I note that as the subpoena served upon Paul, Weiss was Ordered by the Court, the burden is on Paul, Weiss to move to quash the subpoena pursuant to Rule 17 (c). However, in the interest of obtaining an expedient resolution of this issue, I respectfully request that the Court consider this submission, and direct Paul, Weiss to produce all unredacted notes taken during proffer sessions involving Leonard Genova in the EDNY in accordance with the subpoena, or supply the material to the Court for *in camera* inspection. [1]

It is well settled, that a subpoena may be quashed where it calls for information subject to privilege. However, as a trial jury has a "fundamental" and "comprehensive need" for evidence, assertions of privilege should not be "expansively construed, for they are in derogation of the search for truth". Chaney v. United States District Court, 542 U.S. 367, 384 (2004). Here, the

[1] We anticipate filing a supplemental submission with regard to the subpoena's demand for Paul, Weiss's interview notes of Mr. Mei and Mr. Genova.

Privilege Log submitted by Paul, Weiss includes notes taken by counsel during December 15, 2015 and January 28, 2016 proffers of Leonard Genova at the U.S. Attorney's Office for the Eastern District of New York. For each event, Paul, Weiss cites the "work product" privilege. Of course, the work product privilege does not provide blanket protection to witness statements. Instead, the material becomes privileged when it reflects the "thought processes, opinions or mental processes of counsel" see, Strauss v. Credit Lyonnais, S.A., 242 F.R.D. 231 (EDNY 2007) (Matsumoto, J.) Notably, here the Privilege Log additionally reflects draft memorandum reflecting a summary of each of the aforementioned proffer sessions. As it is probable that these memoranda reflect the thought processes of counsel, by this submission, we do not seek the production of these materials. Instead, here, we seek only the notes taken by counsel *during* the two sessions.

As such, I respectfully request that the Court compel the disclosure of the notes taken by Paul, Weiss during the December 15, 2015 and January 28, 2016 proffer sessions of Leonard Genova.

Thank you for your consideration.

Very truly yours,

KEVIN J. KEATING

KJK/lo

cc: AUSA Lara Gatz
AUSA Catherine Mirabile
AUSA Raymond Tierney
Aaron Delaney, Esq.
All Counsel