# MATTHEW W. BRISSENDEN, P.C.
## ATTORNEY AT LAW

| | |
|---|---|
| 666 Old Country Road, Suite 501 | 516-683-8500, Fax: 516-683-8410 |
| Garden City, New York 11530 | matthew.w.brissenden@gmail.com |

February 22, 2018

**Via ECF**
The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
924 Federal Plaza
Central Islip, NY 11722

         Re:   *United States v. Edward Mangano, et al.*
                Criminal Docket No. 16-540

Dear Judge Azrack,

      This office is co-counsel for the Defendant Edward Mangano in the above-captioned matter. I am submitting the instant letter in response to the Government's *motions in limine*, which were filed on February 6th and February 15th. Among other things, the Government has sought pre-trial orders: (1) ruling that an April 7, 2010 email chain between Frederick Mei, Jonathan Sinnreich, and Harendra Singh is admissible; (2) compelling the production of witness statements taken by counsel for the Town of Oyster Bay; (3) precluding evidence concerning the decision by the U.S. Attorney's Office for the Southern District of New York *not* to bring charges against Mayor Bill de Blasio; (4) precluding Defendants from introducing Judge Feuerstein's decision in *PHL Variable Insurance Co. v. Town of Oyster Bay*; and (5) precluding the Defendant from introducing the civil complaint filed in *Town of Oyster Bay v. Singh et al*.

      Mr. Mangano's position with respect to these issues is set forth in detail below.

1.    The Government's Request for a
       Ruling on the Admissibility of Emails is Premature

      The Government's application for a pre-trial ruling on the admissibility of specific emails is premature, where the Government has yet to establish the requisite evidentiary foundation for the admission of such documents. As such, the Court should reserve decision on this issue until trial.

1

2. <u>The Town of Oyster Bay Should Be Compelled to Produce Witness Statements</u>

Mr. Mangano joins in the application made by both co-defendant's counsel and the Government for the production of witness statements taken by counsel for the Town of Oyster Bay. As the parties have noted, the Town's claim of privilege is particularly untenable with respect to the statements it took from Frederick Mei, an ex-employee whom the Town is currently suing.

Indeed, under the Federal Rule of Civil Procedure, the Town is already *obligated* to produce Mr. Mei's statements in the currently-pending civil litigation. *See* Fed. Rules of Civil Procedure Rule 26(b)(3)(c) (requiring the production of a "person's own previous statement about the action or its subject matter."). This unambiguous disclosure obligation is not trumped by the *Upjohn* privilege. Indeed, as one District Court recently noted:

> "[the] general holding in *Upjohn* . . . does not displace the clear language of Fed. R. Civ. P. 26(b)(3)(C). The rule explicitly grants a party access to its own previous statement in the hands of an opponent as a matter of right and without any particularized showing as to why it is entitled to what may otherwise be attorney work product . . .
>
> The reason for this rule is simple and based in fairness. The out-of-court statement of a party-opponent can be admitted at trial for the truth of the matter asserted therein as non-hearsay under F.R.E. 801(d)(2). At a minimum, the party should be entitled to examine a statement that can be used at trial against her or him. The opponent possessing the statement should not be in a position to shield it behind the attorney-client or work product privilege simply because the statement was made to a lawyer or in furtherance of an investigation. That is especially the case in a situation where, as here, the statement is made before ligation and given to a lawyer by a non-represented party.

*Murray v. Wal-Mart Stores, Inc.*, No. 2:15-CV-00484-DBH, 2017 WL 972095, at *2-*3 (D. Me. Mar. 10, 2017); *see also Mitzner v. Sobol*, 136 F.R.D. 359, 361 (S.D.N.Y. 1991) (noting that corporation cannot invoke privilege with respect to an employee's statements when it is in litigation with that employee).

Hence, by suing Mr. Mei and by rendering such statements discoverable in the civil action, the Town has clearly waived any expectation or claim of privilege which might have otherwise existed.

3. <u>The Decision Not to Charge Mayor *de Blasio*</u>

The issue of selective prosecution is a legal question which is properly decided by the Court, not the jury. As such, counsel for Mr. Mangano has no intention of pursuing such arguments at trial. Moreover, and contrary to the Government's suggestion, we do not intend to argue that the Southern District's failure to prosecute Mr. Singh means that he was lying with respect to the de Blasio allegations.

These limitations notwithstanding, we believe it is *imperative* that the Defendants be given broad latitude to question Mr. Singh with respect to: (1) his illegal conduct *vis-à-vis* Mayor de Blasio[1]; and (2) his efforts to obtain a benefit by cooperating against the Mayor.

When Mr. Singh entered into his cooperation agreement in October of 2016, he agreed to plead guilty and cooperate with respect to *both* this case and the investigation of the Mayor. Ultimately, however, the investigation into the Mayor failed to yield criminal charges, making it *all the more important* for Mr. Singh to provide "substantial assistance" in the instant matter. The Defendants should be given wide leeway to explore Mr. Singh's underlying criminality, the history of his negotiations with the Government, and his strong incentive to help prosecutors build a successful case against Messrs. Mangano and Venditto -- especially in light of their *inability* to bring a case against the Mayor.

4. <u>Court's Decision in *PHL Variable Insurance Co. v. Town of Oyster Bay*</u>

At this juncture, we do not anticipate that we will seek to introduce Judge Feuerstein's decision in *PHL Variable Insurance Co. v. Town of Oyster Bay*. Should some unforeseen development render that decision relevant to the defense, we will

---

[1] Recently disclosed 3500 materials reveal that Singh's misconduct *vis-à-vis* the Mayor goes beyond the bribery conduct to which Mr. Singh pled guilty. In particular, Singh told investigators that in raising money for the Mr. de Blasio, Singh intentionally evaded campaign finance laws through the use of "straw donors" – that is to say, by soliciting numerous small donations from persons whom Singh subsequently reimbursed. Mr. Singh told investigators that he disclosed this fact to Mr. de Blasio -- informing him that his fundraising methods were "not kosher." Mr. Singh further told investigators that, when Mr. de Blasio's fundraising activities came under scrutiny, the Mayor's office directed Singh to falsify a receipt showing that the campaign had paid for an event at the Water's Edge. According to Mr. Singh, he acceded to this request, despite the fact that no payment had ever been received.

3

provide the Court with ample notice of any argument which we plan to advance as to its admissibility. At this juncture, however, the Government's motion is premature and should be deferred until the issue is ripe.

5. <u>The TOB's Civil Complaint Against Frederick Mei and Harendra Singh</u>

The Government seeks to preclude the Defendants from introducing the civil complaint filed by the Town of Oyster Bay against Messrs. Mei and Singh. While the civil pleading itself may not be admissible to prove the truth of the allegations contained therein, the Defendant should be given broad latitude to cross-examine Mr. Mei and to introduce evidence concerning both the lawsuit and the circumstances surrounding Mei's termination. As the Court is aware, one of the crucial issues at this trial is whether Mr. Mei's actions on behalf of Mr. Singh were clandestine, or were open and notorious within the Town. It is the Defendant's position that: (a) Harendra Singh purchased the services of Frederick Mei through undisclosed bribes; (b) that Mr. Mei was working within the Town to secretly promote and protect the interests of Singh; and (c) that these facts were hidden from Mr. Mei's employer and supervisors. In light of this, evidence concerning the Town's reaction upon learning about Mr. Mei's conduct is highly material and should be admitted at trial.

Thank you for your consideration.

Respectfully submitted,<br>
/s/<br>
Matthew W. Brissenden

cc:   Counsel for the Government (*via* ECF)
      Counsel for John Venditto (*via* ECF)