UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                -against-                               **ORDER**
                                                         16-CR-540 (JMA)

EDWARD MANGANO,
LINDA MANGANO, and
JOHN VENDITTO,

                              Defendants.
------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

This Order addresses two outstanding issues from the government's third and fifth motions *in limine*.

**A.  Third Motion *in Limine***

Defendant Edward Mangano ("Mangano") has asked the Court to exclude the testimony of Gulino based on the Court's March 8, 2018 ruling.  That request is denied.  Although the Court stressed how the money laundering and Gulino payment constituted direct evidence, the Court also concluded that this incident was relevant to Mangano's intent under 404(b).  Because Gulino's payment to Mangano is relevant to Mangano's intent for the various bribery counts, Gulino's testimony will be permitted.  Mangano's acceptance of Gulino's payment and subsequent actions are circumstantial evidence that Mangano intended to accept the payment in exchange for taking official action and is, thus, relevant to show that Mangano had an unlawful intent in accepting the benefits from Singh at issue here.  Gulino's testimony is particularly probative in light of Mangano's argument that he only accepted the benefits at issue from Singh as part of their friendship and not as part of a quid pro quo for official action.

The Court has considered the probative value of the evidence that is being admitted in light of the alleged prejudice asserted by defendants and find that the probative value of this evidence outweighs the potential prejudice.

## B. Fifth Motion *in Limine*

### 1. 329 Broadway

As the Court stated the other day, the Court agrees with the government that interactions between Mangano and defendant John Venditto are direct proof of the charged scheme and conspiracy and are inextricably interwoven with the charged offenses. These interactions also evidence the criminal relationship and trust between Mangano and Venditto during the relevant time period. The back-and-forth exchange of favors between Mangano and Venditto also helps to explain Venditto's alleged conduct and willingness to take official action on behalf of Singh and at Mangano's request.

The sale of 329 Broadway and Mangano's discussion with Venditto apparently occurred during the same time that Singh was seeking and receiving additional concession amendments from the TOB and, thus, are inextricably intertwined with the charged offense. Also, this incident shows Singh providing additional services to Mangano. Additionally, this incident provides circumstantial evidence that Mangano had the ability to pressure Venditto.

Furthermore, even if the 329 Broadway interaction was not direct proof of the charged crimes, it would still be admissible under 404(b) to prove Mangano's intent. Although this interaction is not a prototypical bribe it is sufficiently analogous to be probative of Mangano's intent concerning the alleged Singh bribes. Here, Mangano received a benefit from the purchaser. Namely, the purchaser purchased the property from Mangano. And, the evidence suggests an implicit agreement that Mangano would take action necessary to back up his representations about the ability to develop and expand the property. This incident is also

circumstantial evidence that Mangano intended to pressure Venditto in both this incident and during the Singh scheme.

Venditto's involvement in this incident also appears to be probative of Venditto's intent concerning the Singh bribery charges and conspiracy. It appears that Venditto was aware that Mangano was seeking official action concerning 329 Broadway on behalf of an individual who previously provided a benefit to Mangano. Venditto then took action favorable to Mangano and the purchaser.

Finally, the Court finds that it is appropriate for the government to explore the Certificate of Occupancy, lack of variances and alleged violation of the TOB code. Genova's proffered testimony that Venditto instructed Ippolito to assist the buyer to do whatever the buyer wanted to do is sufficient to warrant exploration of these issues, which show, among other things, that Venditto intended to take official action and took extraordinary steps to assist Mangano.

The Court has considered the probative value of the evidence that is being admitted in light of the alleged prejudice asserted by defendants and find that the probative value of this evidence outweighs the potential prejudice.

**SO ORDERED.**

Dated: March 12, 2018
       Central Islip, New York

                                                    /s/    (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE