# MATTHEW W. BRISSENDEN, P.C.
### ATTORNEY AT LAW

| | |
|---|---|
| 666 Old Country Road, Suite 501 | 516-683-8500, Fax: 516-683-8410 |
| Garden City, New York 11530 | matthew.w.brissenden@gmail.com |

May 13, 2018

**Via ECF and Email**
The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
924 Federal Plaza
Central Islip, NY 11722

      Re:    *United States v. Edward Mangano, et al*.
               Criminal Docket No. 16-540

Dear Judge Azrack,

      We are writing to the Court to address the verdict sheet as it pertains to Count Two of the Indictment.

      During the charge conference, the parties agreed that Edward Mangano was not an agent of the Town of Oyster Bay.  Accordingly, he cannot be found *principally* liable under a theory that he accepted things of value, while intending to be influenced with respect to transactions or official acts in the Town of Oyster Bay.

      Specifically, 18 U.S.C. § 666(a)(1)(B) provides:

Whoever, if the circumstance described in subsection (b) of this section exists -- (1) <u>being an agent of an organization, or of a State, local, or Indian tribal government</u>, or any agency thereof-- * * * (B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, <u>intending to be influenced or rewarded in connection with any business</u>, transaction, or series of transactions <u>of *such* organization, government, or agency</u> involving any thing of value of $5,000 or more commits a federal offense.

      18 U.S.C. § 666 (a)(1)(B) (emphasis added).

      Hence, the plain statutory language requires the Defendant to be an agent of the governmental entity which the bribe payer was seeking to influence.  Indeed, the case law uniformly interprets the statute in this manner.  *See United States v. Sunia*, 643 F.Supp.2d 51, 63 (D.C. 2009) (defendant *must be* an agent of the affected government entity); *see*

*also United States v. Ferber*, 966 F.Supp 90 (D. Mass. 1997) (charge dismissed where defendant was not an agent of public entity which was target of the bribery scheme); *United States v. Phillips*, 219 F.3d 404 (5th Cir. 2000) (tax assessor operating within parish could not be guilty of violating § 666, where he was not an agent of the parish).

Accordingly, the verdict sheet *should not* provide the jury with an option of convicting Edward Mangano as a principal, pursuant to a theory that he received things of value while intending to be influenced in connection with the Oyster Bay concession amendments.

Instead, his liability, if any, should be limited to aiding and abetting or *Pinkerton* theories, both of which would require a preliminary determination that John Venditto committed the substantive offense. Hence, the verdict sheet should inform the jury that it must *first* determine whether Mr. Venditto is guilty with respect to Count Two. If the jury determines that Mr. Venditto is *not* guilty, then it may not consider whether Mr. Mangano is liable under Count Two in connection the "TOB loan scheme."

                                          Respectfully submitted,
                                                            /s/
                                          Matthew W. Brissenden

cc:      All Counsel (*via* ECF and email)