

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

2015R02148
DCL:MMO

*610 Federal Plaza*
*Central Islip, New York 11722*

May 18, 2018

**BY ECF AND HAND**

Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *United States v. Edward Mangano, Linda Mangano and John Venditto*
                Criminal Docket No. 16-540 (S-1) (JMA)

Dear Judge Azrack:

      Defendants Edward Mangano and John Venditto (collectively, the "Defendants") are currently on trial for alleged violations set forth in the above-referenced Superseding Indictment. In the event either or both of the Defendants are found guilty of any of the charged offenses, the government will seek a forfeiture money judgment against that defendant for any property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly as a result of such offense, and/or substitute assets, pursuant to 21 U.S.C. § 853(p).

      The government respectfully submits that, should the Defendants be convicted of any of the charges in the Superseding Indictment, there is no basis for the jury to be retained for the forfeiture phase of this criminal action.

**I.**      **There is No Constitutional Right to**
          **a Jury Determination of Forfeiture**

      Criminal forfeiture is a mandatory part of a convicted defendant's sentencing. *See United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute [requiring a defendant convicted of the offenses in the indictment to forfeit property derived from the commission of those offenses] applied . . . ."); *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) ("When the government seeks to impose criminal forfeiture, Federal Rule of Criminal Procedure 32.2(b)(1)

Honorable Joan M. Azrack
May 18, 2018
Page 2

. . . requires the sentencing court to 'determine what property is subject to forfeiture under the applicable statute.' " (quoting Fed.R.Crim.P. 32.2(b)(1)); *United States v. Martin*, 662 F.3d 301, 306-09 (4th Cir. 2011) ("Criminal forfeiture is part of defendant's sentence"; its purpose is "to deprive criminals of the fruits of their illegal acts and deter future crimes"); *see also* 28 U.S.C. § 2461(c) (statute mandating order of forfeiture as part of a defendant's sentence if the defendant is found guilty of the offense giving rise to the forfeiture).

As the Supreme Court made clear in *Libretti v. United States*, there is no Sixth Amendment right to have the jury determine forfeiture. *Libretti v. United States*, 516 U.S. 29, 49 (1995) ("Our cases have made abundantly clear that a defendant does not enjoy a constitutional right to jury determination as to the appropriate sentence to be imposed."); *Capoccia*, 503 F.3d at 116, n.18 (acknowledging the holding in *Libretti* "that there is no Sixth Amendment jury trial right to a forfeiture determination"); *United States v. Bellomo*, 176 F.3d 580, 595 (2d Cir. 1999) (relying on *Libretti* and holding that "criminal forfeiture is part of the process of criminal sentencing"); *United States v. Dolney*, 2005 WL 1076269, at *11 (E.D.N.Y. May 3, 2005) ("[F]or purposes of forfeiture's relationship to the Sixth Amendment, the only essential fact that must be found by the jury is the defendant['s] guilt."). *See also United States v. Phillips*, 704 F.3d 754, 769 (9th Cir. 2012) (stating that "there is no constitutional 'right to a jury verdict on forfeitability' in a criminal forfeiture proceeding" (quoting *Libretti*, 516, U.S. at 49)); *United States v. Ortiz-Cintron*, 461 F.3d 78, 82 (1st Cir. 2006) (a court is constrained by *Libretti* to hold that the Sixth Amendment does not apply to criminal forfeiture); *United States v. Leahy*, 438 F.3d 328, 331-32 (3rd Cir. 2006) (en banc) (noting that *Libretti's* holding that the Sixth Amendment right to a jury does not apply to criminal forfeiture remains good law). Therefore, as *Libretti* and its progeny make clear, since forfeiture is a mandatory part of a convicted defendant's sentence, there is no constitutional right to a jury determination on the issue of criminal forfeiture.

**II.     The Amount of a Forfeiture Money Judgment is Determined by the Court**

While Rule 32.2(b)(5)(B) of the Federal Rules of Criminal Procedure permits either party to timely request a jury determination as to whether "the requisite nexus between the property and the offense committed by the defendant" has been established, where the government seeks only a forfeiture money judgment, forfeiture is to be determined by the Court.[1] Rule 32.2(b)(1)(A) states that, "[i]f the government seeks a personal money judgment [against the defendant], the court must determine the amount of money that the defendant will be ordered to pay."

The majority of courts, including those within this Circuit, which have addressed this issue, have consistently held that Rule 32.2(b)(5) does not give either party the right to have the jury determine the amount of a forfeiture money judgment. *See United States v. Gregoire*, 638 F.3d

---

[1] Rule 32.2 was amended in 2009 in order to avoid an inadvertent waiver of a jury determination, while also providing timely notice to the court and the jurors themselves if they will be asked to make a forfeiture determination as to specific properties, in contrast to a forfeiture money judgment. *See* Fed. R. Crim. P. 32.2, Advisory Committee Notes, 2009 Amendments, Subdivision (b)(5)(A).

962, 972 (8th Cir. 2011) (where government disclaims any intent to seek forfeiture of specific property, there is no issue for the jury); *United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) ("Rule 32.2 does not entitle the accused to a jury's decision on the amount of the forfeiture."), *cert denied*, 546 U.S. 1075 (2005); *United States v. Watts*, 934 F. Supp. 2d 451, 493 (E.D.N.Y. 2013) ("Rule 32.2(b)(1) does not provide a right to a jury determination of the money judgment amount."); *United States v. Bourne*, 2012 WL 526721, at *1 (E.D.N.Y. Feb. 15, 2012) (same); *United States v. Roberts*, 631 F. Supp. 2d 223, 225-26 (E.D.N.Y. 2009) (same); *United States v. Galestro*, 2008 WL 2783360, at *11 (E.D.N.Y. July 15, 2008) (same).

### III.     Conclusion

Here, because the government seeks the entry of forfeiture money judgments against the Defendants in the event that they are found guilty of any of the charges in the Superseding Indictment, a jury determination of the amount of the forfeiture is neither necessary nor warranted by the law. Pursuant to Rule 32.2(b)(1)(A), the amount of a forfeiture money judgment must be determined by the Court. In addition, in the event defendant Edward Mangano is found guilty of any of the charges in the Superseding Indictment, the government also seeks to forfeit one Black and Silver Panerai Brand Luminor 44mm watch, serial number BB1507263. However, defendant Edward Mangano has waived a jury determination and agreed that the Court shall determine the forfeitability of the specific asset. *See* enclosed Stipulation and Waiver of Jury Trial. Accordingly, the government respectfully requests that the Court so order the enclosed Stipulation and Waiver of Jury Trial, and make any forfeiture determination in the event that either or both of the

Honorable Joan M. Azrack
May 18, 2018
Page 4

Defendants are convicted of any count of the Superseding Indictment.

                              Respectfully submitted,

                              RICHARD P. DONOGHUE
                              United States Attorney

By:    */s/ Madeline O'Connor*
        Madeline O'Connor
        Assistant United States Attorney
        (631) 715-7870

Enc.
cc: Counsel of record by ECF