

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CCC:CMM:LTG
F. #2015R02148

*610 Federal Plaza*
*Central Islip, New York 11722*

October 23, 2018

<u>By ECF</u>

Kevin Keating, Esq.
Law Offices of Kevin J. Keating
666 Old Country Road
Suite 900
Garden City, New York 11530

      Re:   <u>United States v. Mangano et ano.</u>
            <u>Criminal Docket No. 16-540 (S-2) (JMA)</u>

Dear Mr. Keating:

      The undersigned Assistant U.S. Attorneys write in response to your correspondence, dated October 4, 2018.

      With respect to your request regarding any agreements involving Ruby Singh, please be advised that there is and was no agreement or understanding, written or oral, expressed or implied, between Harendra Singh and/or his counsel and the government regarding potential charges and/or the non-prosecution of Ruby Singh.

      With respect to your request for intercepted calls between Singh and Randy Sarf from the Singh wire, please be advised that the government had previously produced an intercepted call between Singh and Sarf. Indeed, on February 12, 2018, the government produced HSR 16A, a May 21, 2015 intercepted call between Singh and Sarf. Accordingly, your statement that "the Government has never produced any such recording of Randy Sarf" is inaccurate. Regardless, please be advised that this request is moot as, of the date of this correspondence, the government has produced to the defense all pertinent and non-pertinent calls from the Singh wire.

      With respect to your request for any agreements involving John Gulino, please be advised that there is and was no agreement or understanding, written or oral, expressed or implied, between Anthony Gulino and/or his counsel and the government regarding potential charges and/or the non-prosecution of John Gulino, as it relates to any information pertaining to Edward Mangano. However, there was an understanding between Anthony Gulino and/or his counsel and the government that, to the extent that Anthony Gulino provided substantial

assistance, in the form of proactive cooperation, with respect to the government's investigation of Richard "Rob" Walker then the government would consider a non-prosecution agreement for John Gulino. Following Anthony Gulino's proactive cooperation that amounted to substantial assistance in bringing criminal charges against Walker, combined with John Gulino's limited criminal conduct, the government agreed to a non-prosecution agreement for John Gulino.

With respect to your request for the emails that Frank Scalera reported to the government had been deleted by Fred Mei, please be advised that the government has previously produced these emails to you. These emails can be found in the government's February 12, 2018 document production, Bates stamped TOB_SEC_0085055 through TOB_SEC_0089897. As noted in the government's discovery letter, the documents with the SEC prefix are documents produced to the SEC by the TOB, which are largely duplicative of those that were produced to the U.S. Attorney's Office (and that had been previously produced to the defense in the government's Rule 16 disclosures). In addition, as you are aware, Mei testified at the first trial about deleting these emails, including under cross-examination of this topic by you. See Tr. at 4063-65, 4102-03.

    Very truly yours,

    RICHARD P. DONOGHUE
    United States Attorney

By:     /s/
    Catherine M. Mirabile
    Lara Treinis Gatz
    Christopher C. Caffarone
    Assistant U.S. Attorney
    (631) 715-7850/7913/7868

cc:     John Carman, Esq.
    Counsel for Linda Mangano