## LAW OFFICES OF KEVIN J. KEATING

| KEVIN J. KEATING, ESQ | 666 OLD COUNTRY ROAD | MANHATTAN OFFICE: |
|---|---|---|
| | SUITE 900 | 1140 AVENUE OF THE AMERICAS |
| | GARDEN CITY, NEW YORK 11530-2004 | 9TH FLOOR |
| Stefani Goldin, Esq. | (516) 222-1099 | NEW YORK, N.Y. 10036 |
| Of Counsel | Fax: (516) 745.0844 | |
| Laura O'Neil | kevin@kevinkeatinglaw.com | |
| Paralegal | | |

October 24, 2018

**Via ECF**
AUSA Catherine Mirabile
AUSA Lara Gatz
AUSA Christopher Caffarone
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

Re:    United States v. Edward Mangano
       16-CR-540

Counsel:

    As you are aware, I am attorney for Mr. Mangano, and I write in response to your letter of October 23, 2018.  As you know, prior to the initial trial in this matter, and as recently as early October, 2018, the Government represented that the entirety of the wiretap recordings obtained during the 30 day wiretap on Mr. Singh's phone had been supplied to the defense.  These representations were false, as recently more than 2700 recordings of intercepted calls have been turned over to the defense.

    By correspondence of October 4, 2018, prior to the production of these recordings, we advised of our discovery in proffer materials of reference to Randy Sarf having been intercepted on Singh's wiretap, and our belief that we had not been supplied with any wiretap recordings involving Randy Sarf.  Two days following our October 4 letter, you supplied approximately 45 recordings from the Singh wiretap, and the following day, supplied approximately 2700 recordings.

    In your correspondence of October 23, 2018, you advise that "an intercepted call between Singh and Sarf" had previously been supplied to the defense on February 12, 2018, labeled HSR

AUSA Catherine Mirabile
AUSA Lara Gatz
AUSA Christopher Caffarone
October 24, 2018
Page 2

16A.  We have reviewed this recording, which had been provided without any information identifying the participants.  We have now compared this single earlier produced unlabeled recording to the recordings produced subsequent to our October 4 correspondence, and it appears that there are other recorded phone calls involving Sarf and Singh which were <u>not</u> part of the Government's production on February 12, 2018.  Thus far we have identified additional recordings bearing numbers 1835 and 3463 as calls between Singh and Sarf.  These calls were produced on October 7, 2018, and not prior to the initial trial in this matter.

   I note that the earlier produced recording between Singh and Sarf is labeled 14-39-2801866-07.  Now that the Government has produced approximately 2700 recordings bearing sequential numbers, it has now become apparent that, prior to the initial trial, the Government reviewed recently produced call 1835, decided not to produce it to the defense, and thereafter reviewed and produced call 1866.  This of course suggests the Government's knowledge of the universe of wiretap recordings which existed, but were not produced prior to the initial trial, and which the Government repeatedly denied existed.

   Next, in our correspondence of October 4, 2018, among other things, I made demand for the production of the sub-set of 800 emails that were deleted by Fred Mei from his Town computer in February 2015.  In my correspondence, I noted that we learned of this massive deletion through the newly disclosed 3500 material of Frank Scalera, who proffered to the Government prior to the initial trial that he made discovery of Mei's deletion of 800 emails.

   In your correspondence of October 23, 2018, you advise that these emails can be found within a larger production produced to the Securities and Exchange Commission by TOB and earlier produced to the defense on February 12, 2018.  By your response, my assumption is that the Government is not in possession of the requested <u>subset of 800 deleted emails</u>.  On this issue, you additionally note that "Mei testified at the first trial about deleting these emails including under cross-examination of this topic by me".  I note that on direct examination the Government elicited from Fred Mei that, upon learning that the Town of Oyster Bay had received a subpoena, Mei "began to delete some emails"….. I deleted blocks of emails".  Of course, the defense was without knowledge that Mei had deleted, "not some", but many hundreds of emails, as proffered by Mr. Scalera.

   Next, in my submission of August 24, 2018, I reiterated our demand for the production of all <u>Brady</u> material.  I specifically included in this demand any information in the possession of the Government that witnesses had provided inconsistent or false information or testimony in this matter.  I reiterate this demand.

AUSA Catherine Mirabile
AUSA Lara Gatz
AUSA Christopher Caffarone
October 24, 2018
Page 3

    Of course, I additionally make demand that the Government produce all information concerning any perjury engaged in by any witness at the initial trial of this matter. This quite obviously, would be <u>Brady</u> material.

    Finally, included in the Government's October 7, 2018, production of wiretap recordings are approximately 300 recordings of Singh intercepted in 2015, which are in Hindi, and which were not produced prior to the initial trial in this matter, and which apparently were never interpreted prior to the initial trial. Please advise as to the timeframe in which the defendant's will be supplied with English transcripts of these recordings.

Very truly yours,

*[signature]*

KEVIN J. KEATING

KJK/lo

cc:    Clerk of the Court
       All Counsel