FILED
CLERK
1/17/2019 4:35 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                -against-

EDWARD MANGANO, and
LINDA MANGANO.

                Defendants.
------------------------------------------------------------------------X

**ORDER**
16-CR-540 (JMA)

**AZRACK, United States District Judge:**

The parties have filed various pre-trial motions, which are addressed below.

**A. Defendants' Pre-Trial Motions**

Defendant Edward Mangano raised various arguments in pre-trial motions filed on August 23, 2018, ECF No. 312, and December 18, 2019, ECF No. 339. For the reasons stated below, those motions are denied.

    **1. Collateral Estoppel**

Defendant Edward Mangano argues that John Venditto's acquittal at the first trial collaterally estops the government from pursuing certain theories and arguments at the upcoming trial.

The Supreme Court has refused to allow a defendant to invoke non-mutual collateral estoppel in criminal cases where the two defendants at issue had separate trials. Standefer v. United States, 447 U.S. 10 (1980) (rejecting, inter alia, the argument that courts should consider, on a case-by-case basis, whether to apply non-mutual collateral estoppel in criminal cases). The Supreme Court has also cautioned that "[t]he absence of appellate review of acquittals . . . calls for guarded application of preclusion doctrine in criminal cases." Bravo-Fernandez v. United States, 137 S. Ct. 352, 358 (2016).

Here, the question before the Court is the following: when there is a joint trial involving multiple defendants and one defendant is acquitted and a mistrial is declared on the counts against another defendant due to a hung jury, can the latter defendant invoke collateral estoppel (i.e., issue preclusion) based on the co-defendant's acquittal when the case is retried? Edward Mangano has not cited any decision in which a court has held that the defendant being retried can invoke collateral estoppel. No decisions in the Second Circuit appear to have addressed this question.[1] However, decisions from other Circuits have either rejected defendant's argument outright or cast doubt on the viability of such an argument. See United States v. Gambina, 988 F.2d 123 (9th Cir. 1993) (unpublished decision) (rejecting attempt by defendant to invoke collateral estoppel in retrial based on acquittal of co-defendant at first trial that included both defendants and reasoning that "[d]espite the fact that Gambina was a codefendant in the earlier case in which Julie Gambina was acquitted, the concerns expressed . . . in Standefer are fully applicable."); United States v. Ligambi, 972 F. Supp. 2d 699, 706 (E.D. Pa. 2013) (rejecting defendant's attempt to invoke collateral estoppel in retrial based on co-defendants' acquittals at first trial that included all of the defendants and reasoning that "the concerns with applying non-mutual estoppel in the criminal setting do not disappear when the moving defendant participated

---

[1] The closest decision from the Second Circuit is United States v. Ustica, in which, at the first trial, one defendant was convicted of violating 18 U.S.C. § 421 and the jury acquitted his two co-defendants on certain other counts and hung as to those two defendants on the § 421 count against them. 847 F.2d 42 (2d Cir. 1988). On appeal, the convicted defendant secured an acquittal on the § 421 count by prevailing on a sufficiency of the evidence challenge. When his two co-defendants were re-tried, they sought to invoke collateral estoppel based on the third defendant's acquittal. The Second Circuit rejected this argument, explaining, inter alia, that:

> Nonmutual collateral estoppel refers to the situation in which one party is barred from relitigating an issue decided in a previous proceeding, where the parties were not the same in the prior proceeding. In the instant case, collateral estoppel is nonmutual as to [the two defendants who were retried] because, although they were at the same trial, they were not parties to [the acquitted defendant's] appeal.

Id. at 42, 49 n.14. The Second Circuit reasoned that it "would be inappropriate to hold that the Double Jeopardy Clause requires a nonmutual ruling on insufficient evidence to estop retrial following a hung jury . . . . [as] this would undermine the conclusion in [Richardson v. United States, 468 U.S. 317 (1984)] that such retrial is not precluded regardless of any insufficiency of the evidence at the first trial." Id. at 49.

in the prior trial"); see also United States v. Howe, 590 F.3d 552, 559 n.9 (8th Cir. 2009) ("We express serious doubt as to whether the acquittals of a co-defendant who is not charged in the new indictment constitute a valid part of the record of a prior proceeding for purposes of evaluating collateral estoppel.").

The Court rejects Edward Mangano's collateral estoppel argument and agrees with the points set forth in the above authorities as to why collateral estoppel cannot be invoked by Edward Mangano here. Moreover, although "lack of 'mutuality'" does not preclude a defendant from raising collateral estoppel against the government based on his own acquittal, Ashe v. Swenson, 397 U.S. 436, 443 (1970) (quoting United States v. Kramer, 289 F.2d 909, 913 (2d Cir. 1961)), the fact that courts generally prohibit (or, at least, severely restrict) the government from invoking collateral estoppel against a criminal defendant is further reason not to broaden the doctrine in the criminal context and permit a defendant to invoke collateral estoppel based on a verdict obtained by a co-defendant. Additionally, although the law concerning inconsistent verdicts cited by the government is, admittedly, distinct from the law of collateral estoppel, see Yeager v. United States, 557 U.S. 110, 124 (2009), some of the same concerns that underlie the analysis of inconsistent verdicts also weigh against expanding collateral estoppel in criminal cases to acquittals secured by a co-defendant. See United States v. Powell, 469 U.S. 57, 66 n.7 (1984) (noting that the Standefer Court, in barring non-mutual collateral estoppel in criminal cases, cited precedent concerning inconsistent verdicts and "emphasized that through lenity, compromise, or mistake the jury [in the first trial] might have reached an irrational result in the [first trial], which result was not subject to review at the Government's instigation").

Accordingly, the Court rejects defendant's collateral estoppel arguments.

## 2. The Obstruction of Justice Counts

Defendant Edward Mangano also argues that, with respect to the obstruction of justice counts, the indictment's allegations are insufficient to make out a violation of 18 U.S.C. § 1512(c)(2), citing United States v. Aguilar, 515 U.S. 593 (1995). Linda Mangano has joined in this argument.

The Court rejects defendants' request to dismiss these counts. First, defendants' reliance on Aguilar is misplaced because Aguilar involved a challenge to the sufficiency of the evidence after trial and did not find that an indictment was facially deficient. Second, a sufficiency of the evidence challenge is clearly premature here. Although one trial has already occurred in this case and the government's opposition brief discusses some of the evidence the government intends to introduce at trial, nothing in the government's submission indicates that the government has made "a 'detailed presentation of the entirety of the evidence.'" United States v. Sampson, 898 F.3d 270, 282 (2d Cir. 2018) (quoting United States v. Alfonso, 143 F.3d 772, 777 (2d Cir. 1998)). Absent such a presentation, a district court cannot "dismiss an indictment on sufficiency grounds." Id. Third, in any event, Aguilar is factually distinguishable. Here, the government indicates that it will introduce evidence showing, inter alia, that:

> (1) after the Town of Oyster Bay had already been served with eight grand jury subpoenas concerning Harendra Singh, FBI agents served Linda Mangano with a grand jury subpoena that directed her to produce records and to testify before the grand jury;
>
> (2) Edward and Linda Mangano then repeatedly met with Harendra Singh and fabricated stories about, inter alia, Linda Mangano's employment with Singh; and
>
> (3) in lieu of her personal appearance before the grand jury, Linda Mangano met with prosecutors, FBI agents, and IRS agents for two interviews in which she allegedly lied.

These facts distinguish Aguilar and require denial of defendants' motion concerning the obstruction counts.

3. **Renewed Arguments from Prior Pre-trial Motions**

Defendant Edward Mangano has also renewed all of the arguments that he raised in the pre-trial motions that he filed before the first trial. (See ECF Nos. 79, 102.) The Court rejects those arguments for the same reasons stated previously. (See Feb. 9. 2018 Order, ECF No. 137.)

4. **Defendants' Motion to Dismiss Filed on December 19, 2018.**

In his papers filed on December 19, 2018, ECF No. 339, and January 9, 2019, ECF No. 344, defendant Edward Mangano filed a motion to dismiss the indictment and sought, in the alternative, an evidentiary hearing. Defendant Linda Mangano has joined in that motion, ECF No. 341. That motion is denied as is defendants' request for an evidentiary hearing. A written decision on that motion will be forthcoming.

B. **The Government's Motion in Limine**

The government has moved, in limine, to preclude the defense from referring to Joe Conway, Timothy Driscoll, and Mark Lesko as former prosecutors. The Court grants this motion and precludes the defense from referring, in any manner, to these individuals as former prosecutors.

**SO ORDERED.**

Dated: January 17, 2019
       Central Islip, New York

                                                    /s/   (JMA)
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE