UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

               -against-                                      **ORDER**
                                                                16-CR-540 (JMA)

EDWARD MANGANO, and
LINDA MANGANO.


                                      Defendants.
-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Defendants had ample time to use the March 26, 2015 recording at the first trial.

      The notion that, during the first trial, the prosecution deliberately played that tape in a manner to obscure its quality makes no sense. The defense could easily counter such a strategy by playing the tape in a different fashion and providing a transcript. Which is exactly what the defense did at the last trial. In fact, the defense seized on the prosecution's mis-steps to paint the prosecution as deliberately attempting to hide the tape from the jury. I reject defendants' claim of misconduct.

      On Thursday, the prosecution used headphones and a transcript to present the audio recordings. This was the same procedure that the defendants employed in the first trial. The prosecution even used the defendants' transcript from the first trial. The notion that the defense is entitled to some sort of curative instruction based on the manner in which the prosecution presented the recordings in the retrial is absurd.

      Also, after reviewing the transcript from the first trial and recollecting on the sidebar at issue, I find that Ms. Gatz did not misrepresent that the tape of the March 26, 2015 recording was inaudible. I find that Ms. Gatz's vague statement "It's not" was referring to the audibility of the playback of the recording in court and not to the audibility of the recording itself.

Finally, defendant's reliance on cases where testimony was subtly refined in a subsequent trial are completely inapposite to the situation where the prosecution has simply altered the presentation of its evidence. I also want to stress that, in <u>United States v. Giovanelli</u>, the Second Circuit indicated that even when testimony has been subtly refined the jury should not be told the outcome of the prior trial. 945 F.2d 479, 489 (2d Cir. 1991).

**SO ORDERED.**

Dated: February 4, 2019
        Central Islip, New York

                                           /s/    (JMA)
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE