

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

O: 212.999.5800
F: 212.999.5899

March 14, 2025

<u>VIA CM/ECF</u>

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: <u>United States v. Edward Mangano</u>, No. 2:16-cr-00540-JMA-SIL

Dear Judge Azrack:

  We write regarding the Court's March 11, 2025 Order scheduling re-sentencing in this matter for April 15, 2025 and directing the parties to submit any supplemental sentencing submissions by April 1. For the reasons set forth below, we respectfully request an adjournment of the current schedule.

  As the Court is no doubt aware, on February 13, 2025, the Second Circuit Court of Appeals reversed Mr. Mangano's convictions on Counts One and Two, but affirmed his convictions on Counts Three through Seven. Following the Court's decision, and prior to the issuance of a mandate, the parties each requested, and the Court of Appeals granted, an extension of time to March 31, 2025, to file petitions for rehearing and/or *en banc* review. 2d Cir. Dkt. No. 312. While we understand that the government is awaiting direction from the Solicitor General as to whether it will actually seek *en banc* review, Mr. Mangano most certainly will seek rehearing. Pursuant to Federal Rule of Appellate Procedure 41(b), the Court of Appeals will not issue its mandate until such petitions are resolved, and given the current schedule that is extremely unlikely to occur by April 15, and in no event before April 7. In the Second Circuit "[a] district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals. 'Simply put, jurisdiction follows the mandate.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (citation omitted); *accord United States v. Calcano*, No. S17 98 CR. 438 (PGG), 2014 WL 148637, at *3 (S.D.N.Y. Jan. 15, 2014) ("The district court, of course, has no jurisdiction until after a mandate issues."). Accordingly, this Court likely will not have jurisdiction to resentence Mr. Mangano on the current schedule.

  Beyond the legal barrier to moving forward as scheduled, there are several practical considerations at play as well. Mr. Mangano is presently serving his sentence in Devens Federal Medical Camp outside of Boston. In order to provide Your Honor with a thorough sentencing submission for the upcoming plenary resentencing, counsel will need to meet with Mr. Mangano, gather relevant records and letters of support, and draft our submission. It would be impracticable to complete that process in just two weeks, particularly given that the undersigned

has a long-planned family vacation scheduled for the week of March 17.  Moreover, on March 10, 2025, the Probation Department issued a supplemental sentencing recommendation, without any prior notice to, or input from, the defense.  Notably, despite the fact that two of the charges against Mr. Mangano have now been reversed, the Probation Department's recommendation has somehow *increased* since its last recommendation in 2022.  In any event, we would request a meaningful amount of time to provide mitigating information to the Probation Department, and for the Probation Department to consider that information and respond.  Finally, we would note that after a decade-long legal fight and over two years in custody, Mr. Mangano has extremely limited financial resources.  Given that there is still litigation pending before the Second Circuit which could conceivably dispense with the need for resentencing, we would ask that the court wait to schedule it and set a deadline for sentencing submissions until such litigation is complete.

       Accordingly, for the foregoing reasons, we respectfully request that the Court vacate the current scheduling Order and instead schedule a status conference on April 15, 2025, so the parties can provide the Court with an update regarding further developments before the Court of Appeals.  We have consulted with the government regarding this proposal, and it has no objection.

       Respectfully submitted,

       WILSON SONSINI GOODRICH & ROSATI
       Professional Corporation

       s/ *Morris J. Fodeman*
       Morris J. Fodeman

       *Counsel for Edward Mangano*

cc:  All Counsel of Record (via CM/ECF)